UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY BERNARD MILLER** | : | CIVIL ACTION NO. 14-cv-2266 |
| B.O.P. #09987-058 | | SECTION P |
| **VERSUS** | : | JUDGE MINALDI |
| **C. MAIORANA** | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Johnny Bernard Miller ("Miller"), proceeding *in forma pauperis*, filed the instant writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on July 8, 2014. Doc. 1. At the time of filing, Miller was an inmate in the custody of the Federal Bureau of Prisons and was housed at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). *Id.*

On April 13, 2015, this court issued a Memorandum Order [doc. 4] directing Miller to amend his deficient complaint. He was given thirty days, until May 13, 2015, to amend his complaint. Doc. 4, p. 3. On April 24, 2015, the Memorandum Order mailed to Miller was returned to the court as undeliverable. Doc. 5. The document was mailed to Miller at the last address supplied. *See id.*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630–31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630.

Miller was directed to amend his complaint to provide additional information and he has failed to comply with this order. Furthermore, Local Rule (LR) 41.3W provides in part, "The failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence to Miller was returned.

Therefore,

**IT IS RECOMMENDED** that Miller's complaint be **DISMISSED** in accordance with the provisions of FED. R. CIV. P. Rule 41(b) and LR 41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE